Hillsborough,} No. 3998.
Mar. 6, 1951.}

RUTH WATSON *v.* GREGG & SON INC.

*Leonard & Leonard* and *Richard M. Ryan* (*Mr. Ryan* orally), for the plaintiff.

*Alvin A. Lucier* and *Sullivan & Gregg* (*Mr. Lucier* orally), for the defendant.

LAMPRON, J.  To warrant an instruction thereon, an issue must be supported by the evidence.  *Lindberg* v. *Swenson*, 95 N. H. 184, 186; 3 Am. Jur. 630.  Plaintiff's first two requests related to defendant's duty to inspect the tools and appliances furnished her.  The only evidence in the record relating to inspection is the testimony of one Smith, a former employee of the defendant, who testified on behalf of the plaintiff as follows: "Q. When you were there [1942, 1943, 1944] did you ever see any inspection made of the trucks while they were in use?  A. Not that I know of, no."  There is no evidence as to how much use if any the sash flat in question had received prior to the accident nor does it appear that the accident was caused by any defect which would have been discoverable by inspection. The Court's refusal to instruct in accordance with these two requests was therefore proper and plaintiff's exceptions thereto are overruled.  *Lindberg* v. *Swenson, supra.*

Plaintiff's other two requests, insofar as they were warranted, were sufficiently covered by the Court's charge as to the type of tools and instrumentalities which the defendant is required to furnish and the instructions and warnings which it is required to give to its employees.

The order must therefore be

*Judgment for the defendant.*

All concurred.